IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LEONNYS MATOS and WENDIMAR MATOS H/W**<br>136 Seneca Point Trail<br>Kissimmee, Florida 34746<br><br>     Plaintiff<br> v.<br><br>**REBEL'S CONSTRUCTION, INC.**<br>191 Greenbriar Road<br>York Springs, PA 17372<br> and<br>**HILLANDALE FARMS OF PA, INC.**<br>3910 Oxford Road<br>York Springs, PA 17372<br> and<br>**JOHN DOE 1-10**<br>Address unknown at this time<br> and<br>**JOHN DOE CORPORATION 1-10**<br>Address unknown at this time | **CIVIL ACTION NO.**<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFFS' COMPLAINT – CIVIL ACTION

Plaintiffs, Leonnys Matos and Wendimar Matos, h/w, by and through their attorneys, Kyle J. Keller, Esquire, and Aron Minkoff, Esquire of Baldante & Rubenstein P.C., hereby demand entry of judgment in their favor and against the defendants for the following reasons:

### I.  JURISDICTION

1.  This action arises under 28 U.S.C. § 1332, as Plaintiff is seeking to recover an amount greater than $75,000.00 and Defendants have citizenship diverse from that of the Plaintiff.

2.  Venue for this action is proper in this Court under 28 U.S.C. § 1391 as the events giving rise to the Plaintiff's claims occurred within the territorial limits of the United States District Court for the Middle District of Pennsylvania.

3.  Jurisdiction for the action is proper in this Court under 18 U.S.C. § 2334 as defendants, Rebel's Construction, Inc. and/or Hillandale Farms of PA, Inc. (hereinafter "Hillandale Farms"), maintain

a principal place of business within the territorial limits of the United States District Court for the Middle District of Pennsylvania

## II.  PARTIES

4. Plaintiff, Leonnys Matos, is an adult individual residing 136 Seneca Point Trail, Kissimmee, Florida 34746.

5. Plaintiff, Wendimar Matos, is an adult individual residing at 136 Seneca Point Trail, Kissimmee, Florida 34746.

6. At all times material hereto, plaintiffs, Leonnys Matos and Wendimar Matos, were, and are, husband and wife.

7. Defendant, Rebel's Construction, Inc., was and is a corporation, company, proprietorship, and/or business duly organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania, and is located at 191 Greenbriar Road, York Springs, PA 17372.

8. Defendant, Hillandale Farms, was and is a multi-state corporation, company, proprietorship, and/or business duly organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania, which owns and/or operates a farm located at 3910 Oxford Road, York Springs, PA 17372.

9. At all times material hereto, defendants, John Doe 1-10 (hereinafter "John Doe"), are fictious defendants who are, or were, owners, operators, maintenance repair individuals, and/or other persons or entities who were responsible for the ownership, maintenance, construction, safety control, inspection, or control of any premises involved in a fall down incident which occurred on September 25, 2023 at or near Hillandale Farms located at 3910 Oxford Road, York Springs, PA 17372. The defendant's actual name is unknown to the Plaintiff after having conducted a reasonable search with due diligence. Plaintiff prays leave of court to reasonably amend this Complaint and name the true identities of defendant, John Doe 1-10, if and when their true identities and roles in the within matter are ascertained by Plaintiff through continued investigation and/or discovery.

10. At all times material hereto, defendants, John Doe Corporation 1-10 (collectively hereinafter "John Doe Corporation"), were and/or are fictitiously named corporations, partnerships, institutions, professional associations, limited liability corporations, and/or other business entity who responsible for the ownership, maintenance, construction, safety control, inspection, or control of any premises involved in a fall down incident which occurred on September 25, 2023 at or near Hillandale Farms located at 3910 Oxford Road, York Springs, PA 17372. The defendant's actual name is unknown to the Plaintiff after having conducted a reasonable search with due diligence. Plaintiff prays leave of court to reasonably amend this Complaint and name the true identities of defendant, John Doe Corporation 1-10, if and when their true identities and roles in the within matter are ascertained by Plaintiff through continued investigation and/or discovery.

### III.    FACTS COMMON TO ALL DEFENDANTS

11. At all times relevant hereto, which includes September 25, 2023, plaintiff, Leonnys Matos, was a business invitee of the defendant, Hillandale Farms at 3910 Oxford Road, York Springs, PA 17372.

12. Upon information and belief, plaintiff, Leonnys Matos, was an employee of SSC Concrete which was subcontracted by defendant Rebel's Construction, Inc. and/or John Doe Corporation.

13. Upon information and belief, defendant Rebel's Construction, Inc. was hired by defendant Hillandale Farms of Pa, Inc. and/or John Doe Corporation.

14. At all times material hereto, which includes September 25, 2023, defendants, Rebel's Construction, Inc., Hillandale Farms, John Doe, and/or John Doe Corporation, jointly and/or severally, acted and/or failed to act by and through their employees, agents, servants, and/or representatives, who were then and there acting within the course and scope of their employment for a construction project at defendant Hillandale Farms, located at or near 3910 Oxford Road, York Springs, PA 17372.

15. At all times material hereto, which includes September 25, 2023, defendants, Rebel's Construction, Inc., Hillandale Farms, John Doe, and/or John Doe Corporation, were responsible for inspecting, remedying, removing, and/or warning of defective and/or dangerous conditions on the

property, building, roof, and/or exterior premises, of defendant Hillandale Farms, located at or near 3910 Oxford Road, York Springs, PA 17372.

16. At all times material hereto, which includes September 25, 2023, defendants, Rebel's Construction, Inc., Hillandale Farms, John Doe, and/or John Doe Corporation, were responsible for inspecting, remedying, removing, and/or warning conditions that could cause and/or contribute to defective, dangerous, and/or hazardous conditions of the property, building, roof, and/or exterior premises, of defendant Hillandale Farms, located at or near 3910 Oxford Road, York Springs, PA 17372.

17. At all times material hereto, which includes September 25, 2023, defendants, Rebel's Construction, Inc., Hillandale Farms, John Doe, and/or John Doe Corporation, had a duty to keep the property, building, roof, and/or exterior premises, of defendant Hillandale Farms, located at or near 3910 Oxford Road, York Springs, PA 17372, in a safe, non-hazardous, and reasonable condition.

18. At all times material hereto, which includes on or about September 25, 2023, defendants, Rebel's Construction, Inc., Hillandale Farms, John Doe, and/or John Doe Corporation, were responsible for inspecting, remedying, removing, warning of and/or repairing conditions that could cause and/or contribute to dangerous, defective and/or hazardous conditions associated with the property, building, roof, and/or exterior premises, of defendant Hillandale Farms, located at or near 3910 Oxford Road, York Springs, PA 17372.

19. At all times material hereto, which includes on or about September 25, 2023, defendants, Rebel's Construction, Inc., Hillandale Farms, John Doe, and/or John Doe Corporation, were responsible for inspecting, preventing, remedying, removing, warning of and/or repairing dangerous, defective, and/or hazardous conditions associated with the property, building, roof, and/or exterior premises, of defendant Hillandale Farms, located at or near 3910 Oxford Road, York Springs, PA 17372.

20. At all times material hereto, which includes on or about September 25, 2023, defendants, Rebel's Construction, Inc., Hillandale Farms, John Doe, and/or John Doe Corporation, had a duty to keep the property, building, roof, and/or exterior premises, of defendant Hillandale Farms, located at or near 3910 Oxford Road, York Springs, PA 17372 safe.

21. At all times material hereto, which includes on or about September 25, 2023, defendants, Rebel's Construction, Inc., Hillandale Farms, John Doe, and/or John Doe Corporation, were responsible for the removal of dangerous, defective, and/or hazardous conditions present on the property, building, roof, and/or exterior premises, of defendant Hillandale Farms, located at or near 3910 Oxford Road, York Springs, PA 17372.

22. At all times material hereto, which includes on or about September 25, 2023, defendants, Rebel's Construction, Inc., Hillandale Farms, John Doe, and/or John Doe Corporation, were responsible for the preventing, lessening and/or warning of dangerous, defective, and/or hazardous conditions that might arise from its attempted roof replacement, roof remediation, property maintenance, and/or construction on the property, building, roof, and/or exterior premises, of defendant, Hillandale Farms, located at or near 3910 Oxford Road, York Springs, PA 17372.

23. At all times material hereto, which includes on or about September 25, 2023, defendants, Rebel's Construction, Inc., Hillandale Farms, John Doe, and/or John Doe Corporation, were responsible for notifying users, invitees, guests, visitors and/or licensees of the property, building, roof, and/or exterior premises, of defendant, Hillandale Farms, located at or near 3910 Oxford Road, York Springs, PA 17372, of the existence of dangerous, defective, and/or hazardous conditions that could cause harm and/or injury.

24. At all times material hereto, which includes on or about September 25, 2023, defendants, Rebel's Construction, Inc., Hillandale Farms, John Doe, and/or John Doe Corporation, were responsible for notifying its other contractors, sub-contractors, agents, and/or servants of the existence of dangerous, defective, and/or hazardous conditions at the property, building, roof, and/or exterior premises of defendant, Hillandale Farms, located at or near 3910 Oxford Road, York Springs, PA 17372, and that same should be inspected, remedied, removed, and/or repaired.

25. At all times material hereto, which includes on or about September 25, 2023, defendants, Rebel's Construction, Inc., Hillandale Farms, John Doe, and/or John Doe Corporation, were responsible for supervising, managing, and/or hiring the employees, contractors, sub-contractor, agents, and/or

servants who were responsible for inspecting, preventing, remedying, removing, warning of and/or repairing dangerous, defective, and/or hazardous conditions at the property, building, roof, and/or exterior premises, of defendant Hillandale Farms, located at or near 3910 Oxford Road, York Springs, PA 17372.

26. At all times material hereto, defendants, Rebel's Construction, Inc., Hillandale Farms, John Doe, and/or John Doe Corporation, acted and/or failed to act by and through their employees, agents, servants, and/or representatives, who were then and there acting within the course and scope of their employment.

27. On or about September 25, 2023, plaintiff, Leonnys Matos, was working at the property of defendants, Hillandale Farms and/or John Doe Corporation, and was instructed/directed/supervised to replace a roof on one of their chicken farms.

28. On or about September 25, 2023, plaintiff, Leonnys Matos, was sent to the roof of defendants, Hillandale Farms and/or John Doe Corporation, devoid of any safety equipment and/or fall protection.

29. On or about September 25, 2023, defendants, Rebel's Construction, Inc., Hillandale Farms, John Doe, and/or John Doe Corporation, failed to provide plaintiff, Leonnys Matos, any safety equipment and/or fall protection.

30. On or about September 25, 2023, the roof in which plaintiff, Leonnys Matos, was instructed/directed/supervised to replace by defendants, Rebel's Construction, Inc., Hillandale Farms, John Doe, and John Doe Corporation, was in such a state of disrepair that while working on the roof, plaintiff, Leonnys Matos, fell through a wooden panel that broke apart causing Mr. Matos to fall several feet until colliding with another piece of wood that kept him suspended in the air for nearly thirty (30) minutes.

31. Prior to the above incident, plaintiff, Leonnys Matos, reported to defendants, Rebel's Construction, Inc., Hillandale Farms, John Doe, and/or John Doe Corporation, that this assignment was not safe but was instructed to still attempt to complete the construction project without being afforded any safety equipment and/or fall protection.

32. On or about September 25, 2023, defendants, Rebel's Construction, Inc., Hillandale Farms, John Doe, and/or John Doe Corporation, owned, possessed, maintained, supervised the work site, and/or controlled the property, building, roof, and/or exterior premises, of defendant Hillandale Farms, located at or near 3910 Oxford Road, York Springs, PA 17372.

33. The dangerous, defective, and/or hazardous condition that caused and/or contributed to plaintiff, Leonnys Matos's, injuries existed for a period of time prior to the fall that defendants, Rebel's Construction, Inc., Hillandale Farms, John Doe, and/or John Doe Corporation, through the performance of their obligations and/or responsibilities, knew and/or should have known of its existence and dangerousness – such that said defective, dangerous, and/or hazardous conditions could and/or should have been successfully remedied and/or removed prior to Plaintiff's fall.

34. The dangerous, defective, and/or hazardous condition that caused and/or contributed to plaintiff, Leonnys Matos's, fall existed for a period of time prior to the fall that defendants, Rebel's Construction, Inc., Hillandale Farms, John Doe, and/or John Doe Corporation, through the performance of their obligations and/or responsibilities, should have warned Plaintiff of the impending danger posed by said dangerous, defective, and/or hazardous condition.

35. The dangerous, defective, and/or hazardous condition that caused and/or contributed to plaintiff, Leonnys Matos's, fall existed for a period of time prior to the fall that defendants, Rebel's Construction, Inc., Hillandale Farms, John Doe, and/or John Doe Corporation, should have taken action to protect plaintiff, Leonnys Matos, from the perils and dangerous that ultimately led to the injuries he suffered as a result danger posed by said dangerous, defective, and/or hazardous condition.

36. The dangerous, defective, and/or hazardous condition that caused and/or contributed to plaintiff, Leonnys Matos's, fall was created and/or facilitated by the unreasonable actions and/or inactions of defendants, Rebel's Construction, Inc., Hillandale Farms, John Doe, and/or John Doe Corporation.

37. The mechanism, product(s), property defect and/or events that caused and/or created the dangerous, defective, and/or hazardous condition that caused plaintiff, Leonnys Matos, to fall were known and/or should have been known to defendants, Rebel's Construction, Inc., Hillandale Farms, John

Doe, and/or John Doe Corporation, prior to plaintiff's fall – such that said mechanism, product(s), property defect and/or events that caused and/or created the dangerous, defective, and/or hazardous condition that caused this fall could have been successfully remedied, repaired and/or removed prior to plaintiff's fall.

38. The mechanism, property defect and/or events that caused and/or created the dangerous, defective, and/or hazardous condition that caused plaintiff, Leonnys Matos, to fall existed for a period of time prior to the fall that defendants, Rebel's Construction, Inc., Hillandale Farms, John Doe, and/or John Doe Corporation, through the performance of their obligations and/or responsibilities, should have warned plaintiff of the impending danger posed by said mechanism, property defect and/or events.

39. As a result of the September 25, 2023 incident, plaintiff, Leonnys Matos, sustained serious and/or permanent injuries and/or scarring – conditions that are and/or will be addressed by qualified medical witness(es).

40. At all times material hereto, plaintiff, Leonnys Matos, acted in a careful, cautious, reasonable, and prudent manner and was free from any comparative negligence.

41. At all times material hereto, plaintiff, Leonnys Matos, was free from any comparative negligence and did not in any manner assume the risk of injury and/or accident.

42. The aforementioned incident and resulting injuries and/or damages were due in no part whatsoever to any act or failure to act on the part of plaintiff, Leonnys Matos.

43. Defendants, Rebel's Construction, Inc., Hillandale Farms, John Doe, and/or John Doe Corporation, were aware, or in the exercise of reasonable care should have been aware, of the aforementioned defects and/or dangerous and/or hazardous condition, in that said condition(s) was/were allowed to remain despite past issues that took place regarding the dangers of the known defective roof at or around the property, building, roof, and/or exterior premises, of defendant Hillandale Farms, located at or near 3910 Oxford Road, York Springs, PA 17372. [1]

---

[1] *See* https://www.gettysburgtimes.com/news/local/article_a4347357-046c-5ad0-8ceb-9d945f318c17.html in which a 2022 roof collapsed at the same Hillandale Farms location.

44. At all times material hereto, and prior to September 25, 2023, defendants, Rebel's Construction, Inc., Hillandale Farms, John Doe, and/or John Doe Corporation, knew or should have known the risks and perils of allowing users, invitees, guests, visitors and/or licensees to work on or near the property, building, roof, and/or exterior premises, of defendant Hillandale Farms, located at or near 3910 Oxford Road, York Springs, PA 17372.

## COUNT I

### PLAINTIFF, LEONNYS MATOS
### v.
### DEFENDANTS, REBEL'S CONSTRUCTION, INC., HILLANDALE FARMS, JOHN DOE, AND/OR JOHN DOE CORPORATION

45. Plaintiff hereby incorporates the above paragraphs as if fully set forth at length herein.

46. The aforementioned incident and resulting injuries and/or damages sustained by plaintiff, Leonnys Matos, directly and proximately resulted from the negligence, carelessness, and/or recklessness of defendants, Rebel's Construction, Inc., Hillandale Farms, John Doe, and/or John Doe Corporation, and consisted of, but was not limited to, the following:

(a) Failing to regard the rights, safety, and position of the Plaintiff in and about the area of the aforementioned accident as it pertains to the structural integrity of the area Plaintiff was working in;

(b) Permitting a defective, dangerous, and/or hazardous condition to exist on or about the premises where the defendant knew or should have known that persons would be subject to falling and sustaining injury;

(c) Creating a defective, dangerous, and/or hazardous condition in the area where plaintiff fell;

(d) Failing to inspect, maintain and/or remove defective, dangerous, and/or hazardous conditions from the area of the aforementioned accident in a reasonable, adequate and/or prudent manner;

(e) Failing to cover and/or restrict access to the defective, dangerous and/or hazardous condition of the area of the aforementioned accident in a reasonable, adequate and/or prudent manner;

(f) Failing to issue adequate warnings and/or direction, verbal, written, actual and/or constructive, to persons who would likely encounter the defective, dangerous, and/or hazardous condition that existed on defendant's premises in and about the area of the plaintiff's aforementioned accident;

(g) Permitting and allowing invitees, like plaintiff, to work in the area of the plaintiff's aforementioned accident when said defendant knew or should have known of the defective, dangerous, and/or hazardous condition(s) that existed;

(h) Failing to follow Building Officials and Code Administrators Code (BOCA);

(i) Failing to adhere to protocols of the Occupational Safety and Health Administration (OSHA);

(j) Failing to train individuals, invitees, licensees, and/or agents on safety protocols while working on the subject dangerous, defective, and/or hazardous roof;

(k) Failing to ensure that contractors, subcontractors, employees, agents, and any individuals tasked with working on the subject dangerous, defective, and/or hazardous roof were properly trained to ensure safety;

(l) Failing to perform adequate inspections and/or maintenance upon the defective roof;

(m) Failing to adopt and/or enforce and/or require periodic inspections, routine preventative maintenance, and necessary repairs of the defective, unsafe roof at the location despite actual and/or constructive knowledge of the hazardous and dangerous conditions thereof;

(n) Failing to adopt, employ, and enforce proper safety programs, protocols, precautions, procedures, and plans for individuals, invitees, licensees and/or agents to operate at or around the subject dangerous, defective, and/or hazardous roof;

(o) Failing to hire and/or train competent employees, agents and/or contractors to regularly and/or adequately inspect the roof for damage and remedy and/or correct the defective, dangerous, and/or hazardous condition timely to prevent injury;

(p) Failing to provide safety equipment to employees, agents, and/or contractors to ensure that injuries, such as what was suffered by plaintiff, Leonnys Matos, did not occur;

(q) Failing to address in a timely manner prior complaints made about the dangerous condition of the area where Plaintiff was harmed;

(r) Failing to abide by contractual arrangements and/or agreements that were entered into for the benefit of those who were invited to work on the subject defective, dangerous, and/or hazardous roof; and

(s) Failing to follow industry standards and economically reasonable practices with regard to the roof;

(t) negligence per se for violating Commonwealth, county, city and/or township laws statutes, codes, ordinances and/or building codes governing properties and/or buildings, and/or farms, and/or roofs and/or exterior premises.

47. As a direct and proximate result of the aforementioned negligent, careless, and/or reckless conduct of defendants, Rebel's Construction, Inc. Hillandale Farms, John Doe, and/or John Doe Corporation, plaintiff, Leonnys Matos, has suffered, suffers and/or continues to suffer serious and/or permanent injuries to his body, organs, nerves, muscles, tendons, and/or tissue including, but not limited to: multiple rib fractures; neck pain; back pain; lower back pain; decreased range of motion; decreased strength; decreased mobility; significant dental injuries/issues; aggravation/exacerbation of arthritis; anxiety; distress; weakness; sprain and strain; accelerated likelihood of future arthritis; tenderness; insomnia; weather sensitivity; possible aggravation of latent injury(ies) and/or conditions; possible exacerbation of latent injury(ies) and/or conditions; aggravation and/or exacerbation of various asymptomatic conditions – all or some of which or all of which injuries are or may be permanent in nature and/or will continue for an indefinite period in the future. Plaintiff, Leonnys Matos, also makes a claim for such injuries, damages and consequences described by his medical providers and/or of which she has no present knowledge.

49. As a direct and proximate result of the aforementioned negligent, careless, and/or reckless conduct of defendants, Rebel's Construction, Inc. Hillandale Farms, John Doe, and/or John Doe Corporation, and the resulting injuries and/or damages, plaintiff, Leonnys Matos, suffered and/or suffers and/or will continue to suffer from physical and mental discomfort, anguish, humiliation, distress, fear, pain, suffering and/or inconvenience.

50. As a direct and proximate result of the aforementioned negligent, careless, and/or reckless conduct of defendants, Rebel's Construction, Inc. Hillandale Farms, John Doe, and/or John Doe Corporation, and resulting injuries and/or damages, plaintiff, Leonnys Matos, has been deprived and/or is deprived and/or may continue to be deprived of the ordinary pleasures of life.

51. As a direct and proximate result of the aforementioned negligent, careless, and/or reckless conduct defendants, Rebel's Construction, Inc. Hillandale Farms, John Doe, and/or John Doe Corporation, and resulting injuries and/or damages, plaintiff, Leonnys Matos, has been compelled and/or

is compelled and/or may continue to be compelled to expend monies for medical treatment, medical aids, medicines, and/or similar medical and/or medically related instrumentalities and/or modalities.

52. As a direct and proximate result of the aforementioned negligent, careless, and/or reckless conduct of defendants, Rebel's Construction, Inc. Hillandale Farms, John Doe, and/or John Doe Corporation, and resulting injuries and/or damages, plaintiff, Leonnys Matos, has suffered and/or continues to suffer and/or may, in the future, suffer wage loss, a loss of earnings and/or diminished and lessened earning power.

53. As a direct and proximate result of the aforementioned negligent, careless, and/or reckless conduct of defendants, Rebel's Construction, Inc. Hillandale Farms, John Doe, and/or John Doe Corporation, and resulting injuries and/or damages, plaintiff, Leonnys Matos, has incurred and may incur medical expenses and income losses he may be entitled to recover.

**WHEREFORE**, plaintiffs, Leonnys Matos and Wendimar Matos, h/w, demand judgment against defendants, Rebel's Construction, Inc. Hillandale Farms, John Doe, and/or John Doe Corporation, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of costs, interest, delay damages, attorney's fees and other further relief as this Honorable Court may deem just and proper.

## COUNT II

**PLAINTIFF, WENDIMAR MATOS**
**v.**
**DEFENDANTS, REBEL'S CONSTRUCTION, INC. HILLANDALE FARMS, JOHN DOE, AND/OR JOHN DOE CORPORATION**

54. Plaintiff, Wendimar Matos, hereby incorporates the above referenced paragraphs as if fully set forth at length herein.

55. Plaintiff, Wendimar Matos, as the wife of plaintiff, Leonnys Matos, was entitled to the services, companionship, support, assistance, society, comfort, happiness and consortium of plaintiff, Wendimar Matos.

56. As a direct and proximate result of the negligence, carelessness, and/or recklessness of the defendants, Rebel's Construction, Inc. Hillandale Farms, John Doe, and/or John Doe Corporation,

plaintiff, Wendimar Matos, was deprived of the services, companionship, support, assistance, society, comfort, happiness and consortium of Leonnys Matos, all to the great detriment of Wendimar Matos.

57.   As a direct and proximate result of the negligence, carelessness, and/or recklessness of the defendants, Rebel's Construction, Inc. Hillandale Farms, John Doe, and/or John Doe Corporation, plaintiff, Wendimar Matos, was compelled to expend monies for medical aids, medicines and/or similar medical and/or medically related instrumentalities and/or modalities regarding the injuries his wife sustained from this incident on September 25, 2023.

58.   As a direct and proximate result of the negligence, carelessness, and/or recklessness of the defendants, Rebel's Construction, Inc. Hillandale Farms, John Doe, and/or John Doe Corporation, plaintiff, Wendimar Matos, suffered from his husband' loss of earnings and/or earning capacity and/or will, in the future suffer from her loss of consortium and/or earning capacity.

**WHEREFORE**, plaintiffs, Leonnys Matos and Wendimar Matos, h/w, demands judgment against defendants, Rebel's Construction, Inc. Hillandale Farms, John Doe, and/or John Doe Corporation, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of costs, interest, delay damages, attorney's fees and other further relief as this Honorable Court may deem just and proper.

**BALDANTE & RUBENSTEIN, P.C.**

By:   /s/ Kyle J. Keller
　　　KYLE J. KELLER, ESQUIRE
　　　ARON MINKOFF, ESQUIRE
　　　**Baldante & Rubenstein, P.C.**
　　　1845 Walnut Street, Suite 1300
　　　Philadelphia, PA 19103
　　　215-735-1616
　　　Keller@BRattorneys.com
　　　Minkoff@BRattorneys.com
　　　*Counsel for Plaintiff*

Dated: September 25, 2025